1  Alan I. Schimmel (State Bar No. 101328)
   Michael W. Parks (State Bar No. 154531)
2  Arya Rhodes (State Bar No. 299390)
   SCHIMMEL & PARKS, APLC
3  15303 Ventura Blvd., Suite 650
   Sherman Oaks, California 91403
4  Telephone: 818-464-5061
   Facsimile:  818-464-5091
5
   Attorneys for Plaintiff
6  JILL MORRISON

7
   Brian C. Sinclair (State Bar No. 180145)
8  bsinclair@rutan.com
   Peter Hering (State Bar No. 298427)
9  phering@rutan.com
   RUTAN & TUCKER, LLP
10 18575 Jamboree Road, 9th Floor
   Irvine, California 92612
11 Telephone:  714-641-5100
   Facsimile:   714-546-9035
12
   Attorneys for Defendants
13 DSW SHOE WAREHOUSE, INC.
   and DESIGNER BRANDS INC.
14

15                    UNITED STATES DISTRICT COURT

16                   CENTRAL DISTRICT OF CALIFORNIA

17                          WESTERN DIVISION

| | |
|---|---|
| JILL MORRISON; individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act,<br><br>              Plaintiff,<br><br>     vs.<br><br>DSW SHOE WAREHOUSE, INC., *et al.*<br><br>              Defendants. | Case No. 2:19-cv-09477-DSF-AFM<br><br>**STIPULATION RE MOTION TO SET ASIDE JUDGMENT AND APPROVE PAGA SETTLEMENT**<br><br><br><br>Date Action Filed: July 29, 2019<br>Trial Date:           Not Scheduled |

Rutan & Tucker, LLP
attorneys at law

2210/027347-0024
17499754.1 a02/15/22

-1-

Case No. 2:19-cv-09477-DSF-AFM
Stipulation Re Motion To Set Aside
Judgment And Approve PAGA Settlement

Plaintiff Jill Morrison ("Plaintiff") and defendants DSW Shoe Warehouse, Inc. and Designer Brands Inc. (collectively, "DSW"), through their respective counsel of record, hereby stipulate as follows:

1. On February 7, 2022, the Court held a hearing on Plaintiff's motion to set aside the judgment and approve the parties' PAGA settlement. At the hearing, the Court requested that the parties correct certain errors in (a) the proposed Order approving the settlement and entering judgment (the "Proposed Order"); and (b) the notice to be sent to aggrieved employees (the "Notice"). The Court also questioned whether the California Labor and Workforce Development Agency ("LWDA") could be barred from appealing an Order approving a PAGA settlement.

2. Plaintiff and DSW have revised the Proposed Order and Notice. A redlined copy of the Proposed Order is attached as Exhibit 1, and a clean copy of the Proposed Order is attached as Exhibit 2. A redlined copy of the Notice is attached as Exhibit 3, and a clean copy of the Notice is attached as Exhibit 4.

3. The Parties were unable to find clear legal authority regarding the LWDA's right to appeal a judgment approved by the Court. The Parties found a depublished California appellate court case and a trial court order from the Sacramento County Superior Court, which concluded that:

> In *Starks* the Court held that when PAGA settlement proceeds are disbursed to and cashed by the LWDA, any party who otherwise had standing to appeal loses that standing by virtue of the LWDA's cashing of the check. "Generally, one who accepts the benefits of a judgment cannot thereafter attack the judgment by appeal." (*Starks v. Vortex Industries, Inc*. (2020) 53 Cal.App.5th 1113, 1130.) When the LWDA receives a settlement agreement and cashes a check for its portions of the proceeds, it thereby accepts the judgment. (*Id*. at p. 1131 (citing *Besco Enterprises, Inc. v. Carole, Inc.* (1969) 274 Cal.App.2d 42, 44 (party's cashing of check constitutes acceptance of payment)).)

*Hakeem v. Universal Prot. Serv*., 2020 Cal. Super. LEXIS 14814, *19 (Sacramento

Rutan & Tucker, LLP
attorneys at law

2210/027347-0024
17499754.1 a02/15/22

-2-

Case No. 2:19-cv-09477-DSF-AFM
Stipulation Re Motion To Set Aside
Judgment And Approve PAGA Settlement

County Superior Court 2020).[1]

4. To address the lack of clarity regarding the LWDA's appeal rights, the parties included a provision in the corrected Proposed Order providing that "the LWDA shall have the right to timely file an appeal from this Order and Judgment." (*See* Ex. 2, ¶ 12.)

**IT IS SO STIPULATED.**

Dated: February 15, 2022          SCHIMMEL & PARKS APLC


                                  By:     /s/ Michael W. Parks
                                     Michael W. Parks
                                     Attorneys for Plaintiff
                                     JILL MORRISON


Dated: February 15, 2022          RUTAN & TUCKER, LLP


                                  By:     /s/ Brian C. Sinclair
                                     Brian C. Sinclair
                                     Attorneys for Defendants
                                     DSW SHOE WAREHOUSE, INC.
                                     and DESIGNER BRANDS INC.

---

[1] The *Starks* decision was depublished. *Starks v. Vortex Industries, Inc.*, 2020 Cal. LEXIS 8676 (Cal., Dec. 16, 2020). The parties were unable to find any published authority regarding the LWDA's right to appeal a judgment approving a PAGA settlement, and the PAGA statute does not address this issue.

Rutan & Tucker, LLP
attorneys at law

2210/027347-0024
17499754.1 a02/15/22

-3-

CASE NO. 2:19-cv-09477-DSF-AFM
STIPULATION RE MOTION TO SET ASIDE
JUDGMENT AND APPROVE PAGA SETTLEMENT

**Attestation Regarding Signature**
**Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i)**

I, Michael W. Parks, hereby attest that I have obtained concurrence and authorization in the filing of this document from the other signatories to this document. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 15, 2022         SCHIMMEL & PARKS APLC


                                 By:     /s/ Michael W. Parks
                                     Michael W. Parks
                                     Attorneys for Plaintiff
                                     JILL MORRISON.

Rutan & Tucker, LLP
attorneys at law

2210/027347-0024
17499754.1 a02/15/22

--4--

Case No. 2:19-cv-09477-DSF-AFM
Stipulation Re Motion To Set Aside
Judgment And Approve PAGA Settlement

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JILL MORRISON; individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>Plaintiff,<br><br>vs.<br><br>DSW SHOE WAREHOUSE, INC., a Missouri Corporation; DESIGNER BRANDS, INC., a California Corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case: 2:19-cv-09477-DSF-AFM<br><br>Honorable Dale S. Fischer<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT AND APPROVE PAGA SETTLEMENT; JUDGMENT**<br><br>Courtroom: 7D<br>Date: February 7, 2022<br>Time: 1:30 p.m. |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

The Court, having considered Plaintiff's Motion to Set Aside Judgment and Approve PAGA Settlement (the "Motion"), hereby GRANTS the Motion on the grounds that the parties' settlement is fair, reasonable, and adequate when considering the interests of the State of California, Plaintiff, and the other allegedly aggrieved employees.  GOOD CAUSE BEING FOUND, ~~THE~~**IT IS ORDERED AND ADJUDGED that** ~~COURT ORDERS THE FOLLOWING~~:

1. The prior judgment entered in this matter on June 14, 2021 is ordered set aside based on the unopposed motion and agreement of the parties;

2. Final judgment is hereby entered in conformity with the parties' PAGA Settlement and Release Agreement ("PAGA Agreement"), a copy of which is attached as Exhibit ~~1~~**A to the Declaration of Michael W. Parks In Support Of Plaintiff's Motion To Set Aside Judgment And Approve PAGA Settlement (Document No. 38-1)**;

3. The Court approves the settlement and release of claims Plaintiff brings under the Private Attorneys General Act of 2004 ("PAGA") in conformity with the PAGA Agreement.  As of the date that this Judgment becomes final, all Aggrieved Employees (a**s** defi~~e~~ned in the PAGA Agreement) release and discharge Defendants DSW Shoe Warehouse, Inc., Designer Brands, Inc., and each of their officers, directors, agents, insurers, employees, members, board members, partners, owners, shareholders, attorneys or representatives and all of their predecessors, successors, assigns, and any individual or entity that could be jointly liable with Defendants (collectively "Released Parties") from all Released Claims (as defined in the PAGA Agreement);

4. The Court approves the gross settlement amount of $315,500.00 **as fair, reasonable, and adequate when considering the interests of the State of California, Plaintiff, and the other allegedly aggrieved employees.**

4.5.  The Court ~~in exchange for Plaintiff's agreement to~~ dismisses the PAGA claims and the Action~~Lawsuit~~ with prejudice;

5.6.  The Court approves an award of $85,185.00 (27 percent of the gross settlement amount) in attorneys' fees to Plaintiff's counsel. The Court finds this amount to be fair, reasonable and adequate, and orders the Settlement Administrator to distribute this payment in conformity with the terms of the PAGA Agreement;

6.7.  The Court approves an award of $9,000.00 to Plaintiff's Counsel for reimbursement of actual litigation costs. The Court finds this amount to be fair, reasonable and adequate, and orders the Settlement Administrator to distribute this payment in conformity with the terms of the PAGA Agreement;

7.8.  The Court approves an incentive award of $5,000 to Plaintiff for~~t~~ her service to the LWDA and the Aggrieved Employees;

8.9.  The Court appoints ILYM as the Settlement Administrator, and approves an award of up to $5,100.00 in anticipated costs to ILYM for its settlement administration services.  The administration and payments shall be conducted and distributed pursuant to the terms of the parties' PAGA Agreement.

9.10. The Court approves $211,215.00 as payment of civil penalties under PAGA, to be allocated as follows: $158,411.25 (75% of the PAGA penalties payment) to the LWDA for its share of PAGA civil penalties ("LWDA Payment"), and $52,803.75 (25% of the PAGA penalties payment) to the allegedly aggrieved employees ("Individual PAGA Payment"). The Court finds these amounts to be fair, reasonable and adequate, and orders the Settlement Administrator to distribute these payments in conformity with the terms of the PAGA Agreement;

11.  This Order and Judgment will be considered final as of the date of entry,

3
[PROPOSED] ORDER AND JUDGMENT                EXHIBIT 1

but no payment shall be required to be made by Defendant until the Effective Date of the PAGA Agreement, as set forth in ¶8 of the PAGA Agreement;

10.12. Notwithstanding anything to the contrary in the Agreement, the LWDA shall have the right to timely file an appeal from this Order and Judgment and subject to a right of appeal of the California LWDA, if any;

11.13. Aggrieved Employees will be issued a check for their share of the Individual PAGA Payment as provided for in the PAGA Agreement and will not have the opportunity to opt out of, or object to, the PAGA Release. The PAGA Release is binding upon Plaintiff and all Aggrieved Employees once this Order is signed and payment of the Individual PAGA Payment is made. Further, the Aggrieved Employees are bound by the PAGA Release regardless of whether they cash their PAGA check; and

12.14. Plaintiff will file a Notice of Satisfaction of Judgment upon payment of the entire Gross PAGA Settlement Fund by Defendant and distribution of the Gross PAGA Settlement Fund by the Settlement Administrator in accordance with this PAGA Agreement.

**IT IS SO ORDERED.**

DATED:_____      _____
　　　　　　　　　　　　　　　　　Honorable Dale S. Fischer
　　　　　　　　　　　　　　　　　United States District Court Judge

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JILL MORRISON; individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DSW SHOE WAREHOUSE, INC., a Missouri Corporation; DESIGNER BRANDS, INC., a California Corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendant. | Case: 2:19-cv-09477-DSF-AFM<br><br>Honorable Dale S. Fischer<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT AND APPROVE PAGA SETTLEMENT; JUDGMENT**<br><br>Courtroom:　7D<br>Date:　　　February 7, 2022<br>Time:　　　1:30 p.m. |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

The Court, having considered Plaintiff's Motion to Set Aside Judgment and Approve PAGA Settlement (the "Motion"), hereby GRANTS the Motion on the grounds that the parties' settlement is fair, reasonable, and adequate when considering the interests of the State of California, Plaintiff, and the other allegedly aggrieved employees.  GOOD CAUSE BEING FOUND, **IT IS ORDERED AND ADJUDGED that**:

1. The prior judgment entered in this matter on June 14, 2021 is ordered set aside based on the unopposed motion and agreement of the parties;

2. Final judgment is hereby entered in conformity with the parties' PAGA Settlement and Release Agreement ("PAGA Agreement"), a copy of which is attached as Exhibit A to the Declaration of Michael W. Parks In Support Of Plaintiff's Motion To Set Aside Judgment And Approve PAGA Settlement (Document No. 38-1);

3. The Court approves the settlement and release of claims Plaintiff brings under the Private Attorneys General Act of 2004 ("PAGA") in conformity with the PAGA Agreement.  As of the date that this Judgment becomes final, all Aggrieved Employees (as defined in the PAGA Agreement) release and discharge Defendants DSW Shoe Warehouse, Inc., Designer Brands, Inc., and each of their officers, directors, agents, insurers, employees, members, board members, partners, owners, shareholders, attorneys or representatives and all of their predecessors, successors, assigns, and any individual or entity that could be jointly liable with Defendants (collectively "Released Parties") from all Released Claims (as defined in the PAGA Agreement);

4. The Court approves the gross settlement amount of $315,500.00 as fair, reasonable, and adequate when considering the interests of the State of California, Plaintiff, and the other allegedly aggrieved employees.

5. The Court dismisses the PAGA claims and the Action with prejudice;

6. The Court approves an award of $85,185.00 (27 percent of the gross settlement amount) in attorneys' fees to Plaintiff's counsel. The Court finds this amount to be fair, reasonable and adequate, and orders the Settlement Administrator to distribute this payment in conformity with the terms of the PAGA Agreement;

7. The Court approves an award of $9,000.00 to Plaintiff's Counsel for reimbursement of actual litigation costs. The Court finds this amount to be fair, reasonable and adequate, and orders the Settlement Administrator to distribute this payment in conformity with the terms of the PAGA Agreement;

8. The Court approves an incentive award of $5,000 to Plaintiff for her service to the LWDA and the Aggrieved Employees;

9. The Court appoints ILYM as the Settlement Administrator, and approves an award of up to $5,100.00 in anticipated costs to ILYM for its settlement administration services. The administration and payments shall be conducted and distributed pursuant to the terms of the parties' PAGA Agreement.

10. The Court approves $211,215.00 as payment of civil penalties under PAGA, to be allocated as follows: $158,411.25 (75% of the PAGA penalties payment) to the LWDA for its share of PAGA civil penalties ("LWDA Payment"), and $52,803.75 (25% of the PAGA penalties payment) to the allegedly aggrieved employees ("Individual PAGA Payment"). The Court finds these amounts to be fair, reasonable and adequate, and orders the Settlement Administrator to distribute these payments in conformity with the terms of the PAGA Agreement;

11. This Order and Judgment will be considered final as of the date of entry, but no payment shall be required to be made by Defendant until the

Effective Date of the PAGA Agreement, as set forth in ¶8 of the PAGA Agreement;

12. Notwithstanding anything to the contrary in the Agreement, the LWDA shall have the right to timely file an appeal from this Order and Judgment;

13. Aggrieved Employees will be issued a check for their share of the Individual PAGA Payment as provided for in the PAGA Agreement and will not have the opportunity to opt out of, or object to, the PAGA Release. The PAGA Release is binding upon Plaintiff and all Aggrieved Employees once this Order is signed and payment of the Individual PAGA Payment is made. Further, the Aggrieved Employees are bound by the PAGA Release regardless of whether they cash their PAGA check; and

14. Plaintiff will file a Notice of Satisfaction of Judgment upon payment of the entire Gross PAGA Settlement Fund by Defendant and distribution of the Gross PAGA Settlement Fund by the Settlement Administrator in accordance with this PAGA Agreement.

**IT IS SO ORDERED.**

DATED:_____          _____
                                Honorable Dale S. Fischer
                                United States District Judge

# EXHIBIT 3

**Exhibit B – Notice Regarding Monetary Payments**

[Date], 2022~~1~~

[Employee's Full Name]
[Employee Street Address]
[City, State Zip]

   Re: District Court Case No. Case No. 2:19-cv-09477-DSF-AFM

Dear [Employee's Full Name]:

  Please find enclosed a check in the amount of [amount of payment] which is your payment from the settlement that was approved by the District Court for the Central District of California ("Court") on [settlement approval date]. You have received this notice because DSW Shoe Warehouse, Inc.'s ("DSW") records reflect that you worked for DSW in a management position between March 25, 2018 and [settlement approval date] (the "settlement period"). This notice~~s~~ relates to the settlement of the lawsuit, entitled *Jill Morrison v. DSW Shoe Warehouse, Inc.*, Central District Court Case No.2:19-cv-09477-DSF-AFM (the "Lawsuit").

  In the Lawsuit, plaintiff Jill Morrison ("Plaintiff") sought civil penalties pursuant to the California Private Attorneys General Act ("PAGA"), a law which allows Plaintiff to attempt to recover penalties on behalf of the State of California and on behalf of employees who Plaintiff claims were "aggrieved" by alleged wage-and-hour violations on the part of DSW including its alleged: failure to pay for all hours worked; failure to pay the minimum wage for all hours worked; failure to pay overtime wages; failure to provide rest breaks or one hour's pay in lieu thereof; failure to provide meal periods or one hour's pay in lieu thereof; and failure to timely pay wages owed during employment and upon termination.

  DSW strongly disputes Plaintiff's allegations and maintains that it has fully complied with all applicable wage-and-hour laws. The court has not issued any ruling regarding the merits of the Lawsuit. Nonetheless, to avoid the cost and distraction of litigation, DSW has made a business decision to settle the Lawsuit, which settlement has been approved by the court.

  The enclosed settlement check represents your portion of the court-approved settlement. You are receiving a check because you are identified as having worked in a covered position at a DSW store in California during the settlement period. The amount of your check is based on the number of pay periods you worked for DSW during the settlement period.

  You will not be retaliated against for depositing or cashing your check. Checks that are not cashed or deposited within 18~~20~~ days of issuance will be cancelled and the funds will be transmitted to the California Labor and Workforce Development Agency ~~a legal aid organization~~.

  Regardless of what you do with the settlement check, you will have released claims for penalties arising under PAGA as asserted in the Lawsuit.

  If you have any questions, you may call the Settlement Administrator, ILYM Group, Inc., toll free at <   >.

  **THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF THE CLAIMS OR DEFENSES BY EITHER SIDE IN THE LAWSUIT. PLEASE DO NOT CONTACT THE COURT REGARDING THE CASE.**

EXHIBIT 3

# EXHIBIT 4

## Exhibit B – Notice Regarding Monetary Payments

[Date], 2022

[Employee's Full Name]
[Employee Street Address]
[City, State Zip]

Re: District Court Case No. Case No. 2:19-cv-09477-DSF-AFM

Dear [Employee's Full Name]:

Please find enclosed a check in the amount of [amount of payment] which is your payment from the settlement that was approved by the District Court for the Central District of California ("Court") on [settlement approval date].  You have received this notice because DSW Shoe Warehouse, Inc.'s ("DSW") records reflect that you worked for DSW in a management position between March 25, 2018 and [settlement approval date] (the "settlement period").  This notice relates to the settlement of the lawsuit, entitled *Jill Morrison v. DSW Shoe Warehouse, Inc*., Central District Court Case No.2:19-cv-09477-DSF-AFM (the "Lawsuit").

In the Lawsuit, plaintiff Jill Morrison ("Plaintiff") sought civil penalties pursuant to the California Private Attorneys General Act ("PAGA"), a law which allows Plaintiff to attempt to recover penalties on behalf of the State of California and on behalf of employees who Plaintiff claims were "aggrieved" by alleged wage-and-hour violations on the part of DSW including its alleged: failure to pay for all hours worked; failure to pay the minimum wage for all hours worked; failure to pay overtime wages; failure to provide rest breaks or one hour's pay in lieu thereof; failure to provide meal periods or one hour's pay in lieu thereof; and failure to timely pay wages owed during employment and upon termination.

DSW strongly disputes Plaintiff's allegations and maintains that it has fully complied with all applicable wage-and-hour laws.  The court has not issued any ruling regarding the merits of the Lawsuit.  Nonetheless, to avoid the cost and distraction of litigation, DSW has made a business decision to settle the Lawsuit, which settlement has been approved by the court.

The enclosed settlement check represents your portion of the court-approved settlement. You are receiving a check because you are identified as having worked in a covered position at a DSW store in California during the settlement period.  The amount of your check is based on the number of pay periods you worked for DSW during the settlement period.

You will not be retaliated against for depositing or cashing your check.  Checks that are not cashed or deposited within 180 days of issuance will be cancelled and the funds will be transmitted to the California Labor and Workforce Development Agency.

Regardless of what you do with the settlement check, you will have released claims for penalties arising under PAGA as asserted in the Lawsuit.

If you have any questions, you may call the Settlement Administrator, ILYM Group, Inc., toll free at <          >.

**THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF THE CLAIMS OR DEFENSES BY EITHER SIDE IN THE LAWSUIT.  PLEASE DO NOT CONTACT THE COURT REGARDING THE CASE.**