# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JILL MORRISON; individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>Plaintiff,<br><br>vs.<br><br>DSW SHOE WAREHOUSE, INC., a Missouri Corporation; DESIGNER BRANDS, INC., a California Corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | CV 19-09477 DSF (AFMx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT AND APPROVE PAGA SETTLEMENT; JUDGMENT** |

ORDER AND JUDGMENT

The Court, having considered Plaintiff's Motion to Set Aside Judgment and Approve PAGA Settlement, GRANTS the Motion on the grounds that the parties' settlement is fair, reasonable, and adequate when considering the interests of the State of California, Plaintiff, and the other allegedly aggrieved employees. GOOD CAUSE BEING FOUND, **IT IS ORDERED AND ADJUDGED that**:

1. The prior judgment entered in this matter on June 14, 2021 is ordered set aside based on the unopposed motion and agreement of the parties;

2. Final judgment is entered in conformity with the parties' PAGA Settlement and Release Agreement (PAGA Agreement), a copy of which is attached as Exhibit A to the Declaration of Michael W. Parks In Support Of Plaintiff's Motion To Set Aside Judgment And Approve PAGA Settlement (Document No. 38-1);

3. The Court approves the settlement and release of claims Plaintiff brings under the Private Attorneys General Act of 2004 (PAGA) in conformity with the PAGA Agreement. As of the date that this Judgment becomes final, all Aggrieved Employees (as defined in the PAGA Agreement) release and discharge Defendants DSW Shoe Warehouse, Inc., Designer Brands, Inc., and each of their officers, directors, agents, insurers, employees, members, board members, partners, owners, shareholders, attorneys or representatives and all of their predecessors, successors, assigns, and any individual or entity that could be jointly liable with Defendants (collectively, Released Parties) from all Released Claims (as defined in the PAGA Agreement);

4. The Court approves the gross settlement amount of $315,500.00 as fair, reasonable, and adequate when considering the interests of the State of California, Plaintiff, and the other allegedly aggrieved employees.

5. The Court dismisses the PAGA claims and the Action with prejudice;

6. The Court approves an award of $85,185.00 (27 percent of the gross

settlement amount) in attorneys' fees to Plaintiff's counsel. The Court finds this amount to be fair, reasonable and adequate, and orders the Settlement Administrator to distribute this payment in conformity with the terms of the PAGA Agreement;

7. The Court approves an award of $9,000.00 to Plaintiff's Counsel for reimbursement of actual litigation costs. The Court finds this amount to be fair, reasonable and adequate, and orders the Settlement Administrator to distribute this payment in conformity with the terms of the PAGA Agreement;

8. The Court approves an incentive award of $5,000 to Plaintiff for her service to the LWDA and the Aggrieved Employees;

9. The Court appoints ILYM as the Settlement Administrator, and approves an award of up to $5,100.00 in anticipated costs to ILYM for its settlement administration services. The administration and payments shall be conducted and distributed pursuant to the terms of the parties' PAGA Agreement.

10. The Court approves $211,215.00 as payment of civil penalties under PAGA, to be allocated as follows: $158,411.25 (75% of the PAGA penalties payment) to the LWDA for its share of PAGA civil penalties ("LWDA Payment"), and $52,803.75 (25% of the PAGA penalties payment) to the allegedly aggrieved employees ("Individual PAGA Payment"). The Court finds these amounts to be fair, reasonable and adequate, and orders the Settlement Administrator to distribute these payments in conformity with the terms of the PAGA Agreement;

11. This Order and Judgment will be considered final as of the date of entry, but no payment shall be required to be made by Defendant until the Effective Date of the PAGA Agreement, as set forth in ¶8 of the PAGA Agreement;

12. Notwithstanding anything to the contrary in the Agreement, the LWDA shall have the right to timely file an appeal from this Order and Judgment;

13. Aggrieved Employees will be issued a check for their share of the Individual PAGA Payment as provided for in the PAGA Agreement and will not have the opportunity to opt out of, or object to, the PAGA Release. The PAGA Release is binding upon Plaintiff and all Aggrieved Employees once this Order is signed and payment of the Individual PAGA Payment is made. Further, the Aggrieved Employees are bound by the PAGA Release regardless of whether they cash their PAGA check; and

14. Plaintiff will file a Notice of Satisfaction of Judgment upon payment of the entire Gross PAGA Settlement Fund by Defendant and distribution of the Gross PAGA Settlement Fund by the Settlement Administrator in accordance with this PAGA Agreement.

IT IS SO ORDERED.

DATED: February 17, 2022

*/s/ Dale S. Fischer*
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE